*In re* MARRIAGE OF GORDON L. CLARK, Petitioner-Appellant, and BARBARA P. CLARK, Respondent-Appellee.

Second District No. 2—91—0485

Opinion filed July 24, 1992.

Marsha H. Cellucci, of Cellucci, Yacobellis & Holman, of Naperville, for appellant.

Allen S. Gabe, of Gabe, Gabe & Associates, and Theresa M. Varnet, of Spain, Spain & Varnet, both of Chicago, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The petitioner, Gordon L. Clark, appeals from the judgment of the circuit court of Du Page County granting the motion of the respondent, Barbara P. Clark, to dismiss the cause on the ground of *forum non conveniens* and to transfer it to the county of Berkshire in the State of Massachusetts. Gordon also appeals from a prior order of the court granting Barbara's amended motion to vacate the judgment of dissolution. We affirm as to the dismissal and transfer of the cause and do not address the propriety of the court's order vacating the judgment of dissolution because we lack jurisdiction to do so.

Gordon filed his petition for dissolution of marriage on June 16, 1988, and Barbara subsequently filed a cross-petition for child custody. During the course of discovery and settlement negotiations, it was apparent that Barbara was acting strangely and was not cooperating with her counsel. She never attended a court hearing or participated in a joint conference. On one occasion, the trial of the cause had to be continued due to Barbara's refusal to participate or cooperate with her counsel. The trial judge suggested that a guardian should be appointed for Barbara but, for reasons the court found not to be attributable to either counsel, this was not done.

The cause came on for trial on October 20, 1989. Barbara refused to participate and was not present at the trial. Gordon was present at trial, although he had moved to Massachusetts earlier that year. Following trial, the court entered its judgment of dissolution of marriage on November 15. On the same date, Barbara's counsel were granted leave to withdraw due to Barbara's refusal to cooperate. The dissolution judgment provided for an equitable division of the marital property of the parties, child custody and child support and reserved the issue of maintenance.

Subsequently, on November 22, Gordon petitioned for the appointment of a guardian of Barbara's estate only when she refused to sign the closing documents on the sale of the marital residence. The guardian *ad litem* appointed for Barbara in connection with Gordon's petition interviewed her on December 6. On that day also, due to unrelated events which occurred several days earlier, Barbara was involuntarily committed to the Elgin Mental Health Center. She was determined two days later to be a person not subject to involuntary admission. Barbara denied during the interview with the guardian *ad litem* that she was either

divorced from her husband or involved in any court proceeding, stated that she did not want to communicate with anyone regarding her condition and said she wanted only to get back in her car with her daughter. The guardian *ad litem* recommended the appointment of a plenary guardian for Barbara's person and estate. On December 8, coguardians of both Barbara's person and estate were appointed.

Barbara moved to Massachusetts on or about December 9, and, by agreement of the parties, the children moved in with their father in Massachusetts. On December 13, Barbara filed a motion to vacate or modify the November 15 judgment of dissolution on the ground she was mentally ill throughout the proceedings and was incapable of comprehending the meaning of the proceedings or the settlement agreement which had been entered into on her behalf. On January 23, 1990, shortly after her move to Massachusetts, Barbara was committed to Berkshire Medical Center in Massachusetts after she was diagnosed as suffering from chronic schizophrenia. The "date of onset" of the chronic schizophrenia was shown on the medical report as "approximately 1979."

Barbara filed an amended motion to vacate the judgment of dissolution in July 1990. Gordon replied, and, after hearing on November 1, the court vacated the judgment of dissolution and ordered a new trial. The court allowed Barbara 14 days to file her amended answer or otherwise plead and set the cause for trial in January 1991.

On December 3, 1990, Gordon petitioned this court pursuant to Supreme Court Rule 306 (134 Ill. 2d R. 306) for leave to appeal the court's grant of a new trial. This court first mistakenly struck the petition for leave to appeal as untimely, then granted Gordon's motion to reconsider and, upon doing so, denied the petition for leave to appeal on February 5, 1991.

While Gordon's petition for leave to appeal was pending, and within the time allotted her for filing an amended answer to the petition for dissolution, Barbara filed a motion to dismiss based on *forum non conveniens* or, in the alternative, requested a transfer of the cause to Massachusetts. It was alleged therein that, since the filing of the petition for dissolution, both of the parties and their children had moved to Massachusetts and, under Massachusetts law, Massachusetts properly had jurisdiction of the parties and the cause of action. It was further alleged the parties owned no real property in the State of Illinois and had no contacts with the State of Illinois other than the instant dissolution cause and funds from the sale of the marital residence which were held in escrow by Barbara's Illinois coguardian.

Because the court did not receive Gordon's response to Barbara's *forum non conveniens* motion, the court granted Barbara's motion to

dismiss but later vacated its dismissal on Gordon's motion. Gordon responded to the motion admitting, in pertinent part, Massachusetts' probable jurisdiction of the cause of action and the parties if the cause were to be filed there.

After a hearing on March 26, 1991, the court granted Barbara's motion for transfer of the cause on the ground of *forum non conveniens* and ordered that the cause and the escrowed funds be transferred to Massachusetts. It also declared moot a pending motion to approve the distribution of the escrowed funds. Gordon timely filed a notice of appeal from the court's March 26 order, but we denied as untimely his subsequent motion, filed five months later, seeking to amend his notice of appeal to include the court's November 1, 1990, order vacating the judgment of dissolution.

■ In this appeal, Gordon seeks review and reversal of the trial court's order (1) vacating the judgment of dissolution and (2) dismissing the cause under the doctrine of *forum non conveniens* and transferring it to Massachusetts. We find we lack jurisdiction to address the merits of the issue of the trial court's vacatur of the judgment of dissolution for two reasons. First, Gordon's notice of appeal does not specify his appeal was taken from that judgment but, rather, only from the court's order transferring the cause to Massachusetts. As noted above, we rejected as untimely his motion to amend his notice of appeal to include that order vacating the judgment of dissolution, and we plainly did not err in that rejection. Gordon's five-month delay in seeking the amendment far exceeded the 30-day time limits provided in Supreme Court Rule 303. 134 Ill. 2d Rules 303(c)(4), (e).

■ Second, our denial of Gordon's earlier petition for leave to appeal the trial court's order for a new trial pursuant to the provisions of Supreme Court Rule 306 is not subject to relitigation before this court. (See *Robbins v. Professional Construction Co.* (1978), 72 Ill. 2d 215, 221-23.) Rule 306 provides the exclusive means of reviewing the grant of a new trial. (Ill. Ann. Stat., ch. 110A, par. 306, Historical & Practice Notes, at 245 (Smith-Hurd 1985).) We have already denied Gordon's petition for leave to appeal under that rule, and, consequently, we proceed to address only Gordon's contention that the court abused its discretion in dismissing the cause under the doctrine of *forum non conveniens*.

Initially, Gordon suggests that there may have been "some confusion" as to what the trial judge believed the motion to be since its final order transferred the cause to Massachusetts rather than dismissing it. Barbara's motion sought relief in the alternative, requesting dismissal or transfer to Massachusetts. Gordon states that, absent an agreement of the parties, there does not appear to be any provision in the supreme

court rules for *inter*state, as opposed to *intra*state, transfers. In *dicta* in *In re Marriage of Kelso* (1988), 173 Ill. App. 3d 746, a motion to transfer out of State on the grounds of *forum non conveniens* was described parenthetically as "more properly, a motion to dismiss." (*Kelso*, 173 Ill. App. 3d at 751.) Barbara concurs in Gordon's position that the effect of the court's order was to dismiss the cause, and we will construe it thusly for purposes of our discussion below.

Gordon argues it was an abuse of the court's discretion to dismiss the cause merely because the parties had moved, particularly where Barbara's *forum non conveniens* motion was filed more than two years after she initially filed her answer to the petition for dissolution. We find inapposite the cases cited by Gordon in support of his argument that the mere fact the parties moved was insufficient reason to grant dismissal and transfer the cause to Massachusetts. Neither *Kovac v. Kovac* (1960), 26 Ill. App. 2d 29, nor *Kelly v. Warner* (1983), 119 Ill. App. 3d 217, directly concerns the issue of whether the court properly exercised its discretion in deciding a *forum non conveniens* motion but, rather, whether the court in those respective cases was divested of jurisdiction due to events occurring subsequent to its jurisdiction attaching, such as a change of residence.

■ It is clear that once jurisdiction attaches in a cause, it continues until all issues of fact and law have been finally determined. (*Kovac*, 26 Ill. App. 2d at 47-48; *Kelly*, 119 Ill. App. 3d at 219.) Under the doctrine of *forum non conveniens*, however, a court has discretion to *decline to continue* its jurisdiction over a cause "whenever it appears that there is another forum that can better 'serve the convenience of the parties and the ends of justice.' " *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, quoting *Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606.

■ Whether to grant or deny a *forum non conveniens* motion is within the broad discretion of the trial court, which balances the private interest factors affecting the litigants and the public interest factors affecting the administration of courts, and, on review, this court will reverse only where the trial court has abused its discretion in weighing the relevant considerations. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 106; *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 288; *Schoon v. Hill* (1990), 207 Ill. App. 3d 601, 605.) The doctrine of *forum non conveniens* assumes there is more than one forum with jurisdiction over the parties and subject matter (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217) and is founded in considerations of fundamental fairness and sensible and effective judicial administration. (*Adkins*, 54 Ill. 2d at 514.) Although def-

erence is generally accorded to the plaintiff's choice of forum, less deference to that choice is warranted if the plaintiff is foreign to the forum. (*McClain*, 121 Ill. 2d at 289-90.) The test in deciding the motion is whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by the defendant. *Griffith*, 136 Ill. 2d at 108.

Relevant private and public interest factors to be considered were noted in *Griffith*:

> "Private interest factors to be considered are the convenience of the parties, the relative ease of access to sources of proof, the accessibility of witnesses, and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.' [Citations.]
>
> Relevant public interest factors include the administrative difficulties caused when litigation is handled in congested venues, the unfairness of imposing jury duty upon residents of a county with no connection to the litigation, and an interest in having localized controversies decided locally." *Griffith*, 136 Ill. 2d at 105-06.

Here, the trial court was apprised of the facts that the dissolution was filed by Gordon while he and his family were residents of Naperville, Illinois; that the judgment of dissolution was vacated on the basis Barbara was not competent during the dissolution proceedings; that by the time a new trial was ordered and the motion to dismiss was heard, Gordon, Barbara and their children had been residents of Massachusetts for some time; that Barbara was often hospitalized in Massachusetts; that Barbara had coguardians: her sister in Massachusetts was one and an attorney in Illinois was the other; that her coguardian in Massachusetts had an attorney; that the parties' only property remaining in Illinois was funds held in an escrow account; that the new trial would bring Gordon and Barbara back to Illinois to try the issues; and that the children lived with Gordon in Massachusetts.

In view of these circumstances, we cannot conclude the trial court abused its discretion in declining further jurisdiction of the cause. It is apparent that the Massachusetts forum can better serve the convenience of the parties and the ends of justice. The parties all now reside in Massachusetts, Gordon having lived there since early 1989 and Barbara and the children since late 1989. Barbara's sister, who is also her coguardian, and Barbara's coguardian's attorney are also in Massachusetts. The children live with Gordon in Massachusetts, and Barbara is often hospitalized there. For Gordon and Barbara to have to return to Illinois for a new trial would inconvenience both of them, necessitate alternate care arrangements for the children and put an undesirable dis-

tance between Barbara, her coguardian sister and attorney, and familiar medical facilities in Massachusetts. The couple no longer owns any property in Illinois except funds in the escrow account and even those, it appears, have already been transferred to Massachusetts. Any financial or other records needed for trial would most likely already be in the parties' possession in Massachusetts.

As for the public interests involved, we have no knowledge of the congestion of Massachusetts' venues; presumably they bear caseloads similar to those in Illinois. No jury would be required for trial of the cause, and, since the parties and their children are all residents of Massachusetts, that State bears a substantial interest in the outcome of this dissolution proceeding.

Gordon complains that he has already incurred substantial expenditures of time and money and that he will be required to start over if the court's dismissal is upheld. A new trial has already been ordered to be held, however, no matter whether the cause is dismissed from the Illinois forum or not. Moreover, it appears from the record that the parties will be able to, if they so desire, draw upon the past record of the cause in preparing for the new trial.

In our opinion, these relevant factors noted above, viewed in their totality, strongly favor transfer to the forum suggested by Barbara. Consequently, there was no abuse of discretion, and no reversal is warranted.

Gordon's further argument on appeal as to this issue concerns the timeliness of Barbara's motion to dismiss. He argues that the language of Supreme Court Rule 187 (134 Ill. 2d R. 187(a)) should not be interpreted to mean that a party may file a *forum non conveniens* motion to dismiss "within 90 days after the last day allowed for the filing of that party's *amended* answer."

In the instant cause, after the court granted Barbara's motion to vacate the judgment of dissolution, Barbara requested and the court granted her time to file an amended answer. Instead of filing an amended answer within that time, Barbara filed her motion to dismiss on the grounds of *forum non conveniens*.

■ Supreme Court Rule 187 was promulgated in response to the the case of *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, in which the court considered, for the first time, the effect of delay on the propriety of granting a motion to transfer or to dismiss on the basis of *forum non conveniens*. The court concluded in that consolidated case that the defendants, whose *forum non conveniens* motions for dismissal were delayed for 39 and 32 months, respectively, waived their right to move for dismissal. No *per se* rule of waiver was announced

there, however, but the supreme court subsequently adopted its Rule 187, which provides:

> "A motion to dismiss or transfer the action under the doctrine of *forum non conveniens* must be filed by a party not later than 90 days after the last day allowed for the filing of that party's answer." 134 Ill. 2d R. 187(a).

Certainly, it is preferable that a party who finds the chosen forum unsuitable seek to remove the cause early in the proceedings to one it finds more amenable. The doctrine of *forum non conveniens* is based in equity, and equity does not favor those who sleep on their rights. *Bell*, 106 Ill. 2d at 146.

It is true that, when the instant cause commenced, there were not yet two appropriate forums and so there would have been no basis for a *forum non conveniens* motion. It was only when the parties all subsequently moved to Massachusetts and the court ordered a new trial that the convenience of Massachusetts as the second forum became evident. Barbara's motion for dismissal was made very shortly after the court granted the new trial.

The time limit set forth in Rule 187 for filing a motion to dismiss or transfer on the grounds of *forum non conveniens* is clear and unambiguous and, as such, needs no interpretation. We decline, however, to read Rule 187 as an absolute prohibition against filing such a motion beyond the limit prescribed, particularly in light of Supreme Court Rule 183. That rule specifically permits that "[t]his court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." 134 Ill. 2d R. 183.

The court's act in allowing Barbara to file her *forum non conveniens* motion was within the discretion afforded it under Rule 183, and, therefore, we consider that it was timely filed.

For the reasons above, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS, P.J., and GEIGER, J., concur.