**NOTICE**

Decision filed 09/21/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0308

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

JANET CHOCHOROWSKI, Individually and on Behalf of Others Similarly Situated,

    Plaintiff-Appellee,

v.

HOME DEPOT U.S.A., INC., d/b/a The Home Depot,

    Defendant-Appellant.

) Appeal from the
) Circuit Court of
) Madison County.
)
)
) No. 02-L-906
)
)
) Honorable
) Daniel J. Stack,
) Judge, presiding.
_____

JUSTICE SPOMER delivered the opinion of the court:

The defendant, Home Depot U.S.A., Inc., doing business as The Home Depot (Home Depot), appeals the May 22, 2006, order of the circuit court of Madison County that denied its motion to dismiss on the basis of *forum non conveniens*. Home Depot raises two issues on appeal, which we restate as follows: (1) whether the circuit court erred in its determination that a claim under the Missouri Merchandising Practices Act (Mo. Ann. Stat. §407.025 (West 2004)) may be pursued in Illinois and (2) whether the circuit court erred in its determination that the relevant private- and public-interest factors did not strongly favor a Missouri forum.

On June 22, 2007, we issued an opinion in this case in which we reversed the order of the circuit court that denied Home Depot's motion to dismiss. On July 16, 2007, the plaintiff filed a petition for rehearing. On July 19, 2007, we granted the plaintiff's petition for rehearing. Upon rehearing, and for the reasons set forth below, we find that the only issue over which we have jurisdiction in this appeal pursuant to Illinois Supreme Court Rule

1

306 (210 Ill. 2d R. 306) is whether the circuit court erred in its determination that the relevant private- and public-interest factors did not strongly favor a Missouri forum. After considering the *forum non conveniens* arguments, we reverse the order of the circuit court and remand with directions for the circuit court to dismiss this action, and we further provide, pursuant to Illinois Supreme Court Rule 187(c) (134 Ill. 2d R. 187(c)(2)), that if the plaintiff elects to file the action in another forum within six months of the dismissal, the defendant shall accept the service of process and shall waive a statute-of-limitations defense in the other forum, and the cause of action will be reinstated for further proceedings in the circuit court of Madison County should the defendant refuse to abide by these conditions.

The facts necessary for our disposition of this appeal on rehearing are as follows. On June 22, 2002, the plaintiff, Janet Chochorowski, individually and on behalf of others similarly situated, filed a class action complaint against Home Depot in the circuit court of Madison County. The complaint alleged that on April 27, 2002, the plaintiff, a resident of Madison County, rented a power tiller from Home Depot in Brentwood, Missouri, for an agreed price of $25 per day, plus "applicable sales and rental taxes." The Home Depot computer generated an invoice, which automatically charged the plaintiff $2.50 for a "damage waiver," although the plaintiff had never requested or agreed to purchase a "damage waiver" and was not told that the "damage waiver" was an optional charge. When the plaintiff returned the power tiller, she paid the invoice in full. The complaint further alleged that Home Depot routinely and systematically charges the "damage waiver" charge to every rental customer and uniformly fails to inform customers that the "damage waiver" is an optional charge and not a part of the "applicable sales and rental taxes" that the customer is required to pay. Count I of the complaint alleged a cause of action for breach of contract, and count II alleged "statutory fraud" without citing the specific statutory provision under which it asserted a cause of action. The plaintiff later filed a first amended class action

2

complaint that alleged unjust enrichment under count III.

By an order dated June 10, 2003, the circuit court dismissed counts I and III of the first amended complaint with prejudice, leaving count II, for "statutory fraud," as the only remaining claim. On January 30, 2004, Home Depot filed a motion for a summary judgment, arguing, *inter alia*, that the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2002)) does not apply to transactions that take place outside Illinois. On May 4, 2005, the circuit court denied Home Depot's motion for a summary judgment. On August 30, 2005, Home Depot filed a motion for clarification and/or reconsideration, citing *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 185 (2005), in which the Illinois Supreme Court unequivocally held that the Illinois Consumer Fraud and Deceptive Business Practices Act does not apply to fraudulent transactions that take place outside Illinois. Thereafter, the plaintiff filed a motion for leave to amend by interlineation to allege a cause of action under the Missouri Merchandising Practices Act (Mo. Ann. Stat. §407.025 (West 2004)). The circuit court granted the motion to amend on January 27, 2006.

On or about May 8, 2006, Home Depot filed a motion to dismiss on the basis of *forum non conveniens.* Home Depot attached to the motion the transcript of the plaintiff's deposition, in which the plaintiff testified that the entire transaction at issue had taken place in Missouri. Home Depot argued that, other than the plaintiff, all the witnesses were either Home Depot employees who resided in Missouri or in the store service center in Atlanta, Georgia. Additionally, Home Depot pointed out that all the documentary evidence was located in either Missouri or Georgia.

On May 22, 2006, after briefing by the parties, oral argument was held on the motion to dismiss. At the hearing, in addition to arguing that the relevant private- and public-interest factors favored a dismissal of the action in favor of a Missouri forum, Home Depot argued

3

that, because the Missouri statute provides for a private right of action either in the circuit court of the county in which the seller or lessor resides or in the circuit court of the county in which the transaction complained of took place (Mo. Ann. Stat. §407.025(1) (West 2004)), and a corporation is only a resident of the county in which it has its registered agent (Mo. Ann. Stat. §508.010(5)(1) (West 2004)), a dismissal of the action was required.

In response to Home Depot's arguments, the plaintiff argued that the motion to dismiss was untimely because it was not filed until four years after the action had commenced. In addition, the plaintiff argued that the factors cited by the defendant did not outweigh the plaintiff's choice to bring this action in her county of residence and that an Illinois court could apply the Missouri statute because the venue provision of that statute is a procedural provision and because the language was permissive because it stated that "[a]ny person *** *may* bring a private civil action" (emphasis added) (Mo. Ann. Stat. §407.025(1) (West 2004)) in those counties previously stated. The circuit court denied Home Depot's motion to dismiss. Home Depot filed a timely notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (210 Ill. 2d R. 306(a)(2)).

Home Depot's first issue on appeal is whether the circuit court erred in its determination that a claim under the Missouri statute (Mo. Ann. Stat. §407.025 (West 2004)) may be pursued in Illinois. Home Depot argued this issue in the circuit court under the purview of a motion to dismiss for *forum non conveniens* pursuant to Illinois Supreme Court Rule 187 (134 Ill. 2d R. 187). Although our initial opinion analyzed the merits of the venue issue, after reviewing, on rehearing, our jurisdiction to determine the venue issue pursuant to Illinois Supreme Court Rule 306(a)(4) (210 Ill. 2d R. 306(a)(4)), we find jurisdiction lacking. Pursuant to Rule 306(a)(4), a permissive appeal is allowed "from an order of the circuit court granting or denying a motion for a transfer of venue based on the assertion that the defendant is not a resident of the county in which the action was commenced, and no

4

other legitimate basis for venue in that county has been offered by the plaintiff." 210 Ill. 2d R. 306(a)(4). As explained by our colleagues in the First District in *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 69 (1998), Rule 306(a)(4) only "allows permissive appeal from the denial of a motion for transfer of venue to a court within another county in the state." Home Depot's motion to dismiss due to the venue provision in the Missouri statute did not seek the transfer of the plaintiff's action to another county within the state but, rather, the transfer of the plaintiff's action to another state. Accordingly, Home Depot's oral motion to dismiss for improper venue "is beyond the plain language of Rule 306(a)(4), and we are without authority to grant leave to appeal from the nonfinal order disposing of that issue" (*Ferguson*, 302 Ill. App. 3d at 70). Our jurisdiction is thus limited to whether the circuit court erred in denying Home Depot's motion to dismiss on the basis of *forum non conveniens*, which we have jurisdiction to determine under Rule 306(a)(2).

Before we address the merits of Home Depot's *forum non conveniens* issue, we must first address the plaintiff's argument that the motion to dismiss was untimely. Illinois Supreme Court Rule 187(a) (134 Ill. 2d R. 187(a)) provides, "A motion to dismiss or transfer the action under the doctrine of *forum non conveniens* must be filed by a party not later than 90 days after the last day allowed for the filing of that party's answer." Here, an amendment to the complaint was made on January 27, 2006. The amendment changed the cause of action under which the plaintiff was proceeding to a cause of action under the Missouri statute, which, as explained below, has major relevance to the issue of *forum non conveniens*. The order granting the motion to amend did not set forth a date by which Home Depot was required to answer or file a responsive pleading to the amended complaint. Accordingly, we find Home Depot's motion to dismiss to be timely. See *Miller v. Consolidated R. Corp.*, 173 Ill. 2d 252, 260 (1996) (where the circuit court did not set a deadline for the filing of the defendant's answer, the time limit set forth in Rule 187(a) did not proscribe the circuit court

5

from considering the defendant's latest forum motion).

We now turn to the merits of the *forum non conveniens* issue. "A trial court's decision on a *forum non conveniens* motion will be reversed only if it can be shown that the trial court abused its discretion in balancing the various factors at issue." *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005) (citing *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003)). "The doctrine of *forum non conveniens* is founded in considerations of fundamental fairness and sensible and effective judicial administration." *Gridley*, 217 Ill. 2d at 169 (citing *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 514 (1973)). "In determining whether *forum non conveniens* applies, the trial court must balance private[-]interest factors affecting the convenience of the litigants and public[-]interest factors affecting the administration of the courts." *Gridley*, 217 Ill. 2d at 169-70 (citing *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223-24 (1987)). The private-interest factors include the following:

" '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive–for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate).' " *Gridley*, 217 Ill. 2d at 170 (quoting *First American Bank v. Guerine*, 198 Ill. 2d 511, 516 (2002)).

The public-interest factors include the following:

" '(1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora.' " *Gridley*, 217

6

Ill. 2d at 170 (quoting *Guerine*, 198 Ill. 2d at 516-17).

"The trial court does not weigh the private[-]interest factors against the public[-]interest factors." *Gridley*, 217 Ill. 2d at 170 (citing *Guerine*, 198 Ill. 2d at 518). "Rather, the trial court must evaluate the total circumstances of the case in determining whether the balance of factors strongly favors transfer." *Gridley*, 217 Ill. 2d at 170 (citing *Guerine*, 198 Ill. 2d at 518). "A further consideration is deference to a plaintiff's choice of forum." *Gridley*, 217 Ill. 2d at 170 (citing *Dawdy*, 207 Ill. 2d at 173). "A plaintiff's right to select the forum is substantial and unless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed." *Gridley*, 217 Ill. 2d at 170 (citing *Dawdy*, 207 Ill. 2d at 173).

Applying the foregoing factors to the case at bar, we find that the circuit court abused its discretion in denying Home Depot's motion to dismiss based on *forum non conveniens*. Although the named plaintiff in the class action complaint is a resident of Madison County, and thus her choice of forum is properly given deference, the balance of all the relevant factors strongly favors a dismissal in favor of a Missouri forum with regard to the sole claim remaining in the complaint, which alleges a cause of action under the Missouri statute. With regard to the private-interest factors, we note that St. Louis County, where the Brentwood Home Depot store is located, is adjacent to the plaintiff's choice of forum, which is Madison County, Illinois. Accordingly, whether the Brentwood employees reside in Missouri or Illinois, they will have a short distance to travel whether the cause is heard in Madison County or St. Louis County. Similarly, any witnesses and documentary evidence located in Atlanta, Georgia, will have to travel a similar distance. Accordingly, we find that the relevant private-interest factors do not favor one forum over the other.

In contrast, the public-interest factors overwhelmingly support a dismissal in favor of the Missouri forum. With regard to the interest in deciding localized controversies locally,

7

the sole cause of action at issue was created by a Missouri statute, and the action will be governed under the substantive laws of Missouri. Missouri thus has a strong interest in applying its law in its own courts. " 'The need to apply the law of a foreign jurisdiction has been considered a significant factor favoring dismissal of a suit on grounds of *forum non conveniens*.' " *Gridley*, 217 Ill. 2d at 175 (quoting *Moore v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73, 80 (1983)).

This case involves allegedly deceptive merchandising practices that occurred in Missouri or that arose from conduct in Missouri. The Missouri statute itself provides for the adjudication of the action in a Missouri court. The Missouri Merchandising Practices Act provides as follows:

"1. Any person who purchases or leases merchandise primarily for personal, family[,] or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act[,] or practice declared unlawful by section 407.020, *may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages*." (Emphasis added.) Mo. Ann. Stat. §407.025(1) (West 2004).

In Missouri, the residence of a corporation for venue purposes is deemed to be in the county in which its registered office in maintained. Mo. Ann. Stat. §508.010(5)(1) (West 2004).

Another provision of the Missouri statute requires the clerk of the court in which the action is brought to inform the Attorney General of Missouri that the action has been commenced and to a mail a copy of the judgment or decree that is entered in the action. Mo. Ann. Stat. §407.025(7) (West 2004). The action is clearly designed to protect consumers against unlawful merchandising practices that occur in or arise from the State of Missouri, and the residents of Missouri and the Attorney General of Missouri have a superior interest

8

in determining whether violations of the Missouri statute have occurred and, if so, the appropriate remedy. In addition, it should be noted that a cause of action under the Missouri statute permits a party to seek an award of punitive damages. The State of Missouri may place a lien to the extent of 50% on any punitive damages award for contribution to the Missouri Tort Victims' Compensation Fund. Mo. Ann. Stat. §537.675(3) (West 2004). These provisions further accentuate the strong interest the State of Missouri has in this controversy.

While Missouri has a strong interest in deciding this matter locally, "Illinois courts have an interest in not being burdened with applying foreign law in the absence of strong policy reasons and a strong connection to the case." *Gridley*, 217 Ill. 2d at 175. "In addition, the residents of Illinois should not be burdened with jury duty given the fact that the action did not arise in, and has no relation to, Illinois." *Gridley*, 217 Ill. 2d at 175. This is especially true in the case of Madison County, which is judicially recognized as having a congested docket. See *Dawdy*, 207 Ill. 2d at 181 (holding that the Illinois Supreme Court has taken notice of Madison County's congested docket and that while this factor, in itself, is relatively insignificant, the supreme court has repeatedly recognized that it is appropriate to consider the congested condition of the docket in the plaintiff's chosen forum).

For the reasons set forth above, it is clear that the weight of the relevant factors greatly favors Missouri over Illinois. Accordingly, we find that the balance of factors strongly favors a dismissal of this case in favor of a Missouri forum and that the circuit court abused its discretion in denying Home Depot's motion to dismiss based upon *forum non conveniens*. We therefore reverse the order of the circuit court that denied Home Depot's motion to dismiss, we remand with directions for the circuit court to dismiss this action, and we further provide, pursuant to Illinois Supreme Court Rule 187(c)(2) (134 Ill. 2d R. 187(c)(2)), that if the plaintiff elects to file the action in another forum within six months of

9

the dismissal, the defendant shall accept the service of process and shall waive a statute-of-limitations defense in the other forum, and the cause of action will be reinstated for further proceedings in the circuit court of Madison County should the defendant refuse to abide by these conditions.

Reversed and remanded with directions.

DONOVAN and STEWART, JJ., concur.

NO. 5-06-0308

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>JANET CHOCHOROWSKI, Individually and on Behalf of Others Similarly Situated,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., d/b/a The Home Depot,<br><br>    Defendant-Appellant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Appeal from the<br>Circuit Court of<br>Madison County.<br><br><br><br>No. 02-L-906<br><br><br>Honorable<br>Daniel J. Stack,<br>Judge, presiding.</td></tr>
</table>

**Opinion Filed**:         September 21, 2007

**Justices**:        Honorable Stephen L. Spomer, J.

                Honorable James K. Donovan, J., and
                Honorable Bruce D. Stewart, J.,
                Concur

**Attorneys for Appellant**     Michael J. Nester, Donovan, Rose, Nester & Joley, P.C., 8 East Washington Street, Belleville, IL 62220; Dwight J. Davis, King & Spalding, LLP, 1180 Peachtree Street, N.E., Atlanta, GA 30309-3521

**Attorneys for Appellee**     Gail G. Renshaw, The Lakin Law Firm, 300 Evans Avenue, P.O. Box 229, Wood River, IL 62095-0229; Paul M. Weiss, Freed & Weiss, L.L.C., 111 West Washington Street, Suite 1331, Chicago, IL 60602; Malik R. Diab, Diab & Bock, 20 North Wacker Drive, Suite 1741, Chicago, IL 60606