2020 IL App (4th) 200043

NO. 4-20-0043

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| NEW PLANET ENERGY DEVELOPMENT LLC, NPE HOLDINGS LLC, and NPE STONY POINT LAND LLC, | ) ) ) | Appeal from the Circuit Court of Sangamon County |
| Plaintiffs-Appellants, | ) | No.18L80 |
| v. | ) | |
| PATRICK MAGEE SR.; PATRICK MAGEE JR.; MBC CONTRACTOR, INC.; MBC HOLDING LLC; LLS HOLDING LLC; and KBT PROPERTIES, LTD., | ) ) ) | Honorable John W. Belz, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment
and opinion.

**OPINION**

¶ 1     In April 2018, plaintiffs—New Planet Energy Development LLC, NPE Holdings

LLC, and NPE Stony Point Land LLC—brought a cause of action in the circuit court of Sangamon

County, Illinois, against defendants—Patrick Magee Sr.; Patrick Magee Jr.; MBC Contractor, Inc.;

MBC Holding LLC; LLS Holding LLC; and KBT Properties, LTD.—alleging breach of contract,

breach of the duty of good faith and fair dealing, fraud, and unjust enrichment. In January 2020,

the circuit court granted defendants' motion to dismiss on *forum non conveniens* grounds, finding

Rockland County, New York, was the more appropriate forum. Plaintiffs appeal, arguing the court

should not have addressed the merits of defendants' *forum non conveniens* motion because it was

untimely under Illinois Supreme Court Rule 187 (eff. Jan. 1, 2018) and defendants failed to show

"good cause" for extending the filing deadline for their motion pursuant to Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011). Alternatively, plaintiffs contend the relevant public and private interest factors for consideration did not favor granting defendants' motion and, thus, the court abused its discretion. We reverse and remand for further proceedings.

¶ 2                                        I. BACKGROUND

¶ 3            According to the pleadings, plaintiffs are a group of companies that develop "long-term solutions" for the disposal of municipal solid waste, including "converting post-recycled [municipal solid waste] into renewable solid recovered fuel and clean bio-fuels." In September 2015, the parties entered into an agreement regarding plaintiffs' development of a solid waste processing facility on properties owned by defendants in Stony Point, New York (the Stony Point project).

¶ 4            As indicated, on April 26, 2018, plaintiffs filed their complaint against defendants in the circuit court of Sangamon County. They alleged the parties' agreement provided for plaintiffs' purchase of a 50% interest in defendants' properties through installment payments totaling $3,700,000, and with plaintiffs receiving a *pro rata* share of ownership of the land based on payments made, a lease option, and defendants' receipt of a 5% equity interest in plaintiffs' companies, including "all future projects (NY, NJ, CA and more) ***." Plaintiffs maintained that, although they performed under the parties' agreement by paying defendants "$3,600,000 in exchange for ownership and leasehold rights in" defendants' properties, defendants failed to provide plaintiffs with "anything in return," including any ownership rights in the subject properties. Plaintiffs sought to recover damages from defendants, restitution for payments they made to defendants, or specific performance under the terms of the parties' contract.

- 2 -

¶ 5         In their complaint, plaintiffs additionally alleged they were each organized under Delaware law, with a principal place of business in Springfield, Illinois. They asserted that, collectively, they had "numerous investors, more of whom are from *** Illinois than any other state." Plaintiffs represented that defendants were either individuals who were New York residents or entities organized under New York law with principal places of business in that state. They maintained that venue was proper in Illinois, asserting the case involved "extensive contacts" with Illinois, including that plaintiffs had more investors from Illinois than any other state; their vice chairman and treasurer, Jay Johnson, resided in Springfield, Illinois, and was "responsible for managing [plaintiffs'] strategy and operations from [their] Springfield place of business"; defendant Patrick Magee Jr. attended at least one meeting with Johnson in Springfield in March 2017 in connection with the Stony Point project; defendants conducted multiple telephone conferences with Johnson in Springfield; and defendants' agents otherwise communicated extensively with Johnson in Springfield.

¶ 6         On July 16, 2018, defendants filed a "Consent Motion for Extension of Time to Respond to Plaintiffs' Complaint." They alleged their responsive pleading was due that day and requested a 14-day extension of time, to July 30, 2018, to file their pleading. According to defendants, plaintiffs agreed to their request. The record does not contain a ruling on defendants' motion but does show that they filed their answer on July 30, 2018, along with various affirmative defenses and counterclaims for fraud, tortious interference, breach of contract, and breach of the covenant of good faith and fair dealing. On August 30, 2018, plaintiffs filed motions to strike and dismiss defendants' affirmative defenses and to dismiss their counterclaims, arguing they were not properly pled.

¶ 7        On December 7, 2018, defendants filed a "Consent Motion," seeking leave to file an amended answer, affirmative defenses, and counterclaims to plaintiffs' complaint. They asserted plaintiffs consented to an amended pleading; attached their amended answer, affirmative defenses, and counterclaims as an exhibit to their filing; and asked the circuit court to enter an order accepting their amended pleading as being filed as of the date of their motion. The record contains neither a court ruling on defendants' motion nor a file-stamped amended answer, affirmative defenses, and counterclaims.

¶ 8        Nevertheless, on January 7, 2019, plaintiffs filed a response to defendants' amended affirmative defenses. On January 10, 2019, they again moved to dismiss defendants' amended counterclaims. On April 10, 2019, the circuit court conducted a hearing in the matter, at which it granted plaintiffs' motion to dismiss defendants' counterclaims but allowed defendants 28 days to refile, *i.e.*, until May 8, 2019. On the date of their refiling deadline, defendants moved for an extension of time to May 15, 2019. The court granted defendants' motion, and, on May 15, 2019, they filed their second amended counterclaims. Once again, plaintiffs moved to dismiss defendants' counterclaims.

¶ 9        On September 3, 2019, while plaintiffs' motion to dismiss defendants' second amended counterclaims was pending, defendants filed a motion to dismiss plaintiffs' complaint on *forum non conveniens* grounds. They maintained the parties' dispute was "only tenuously connected to Sangamon County, Illinois" and, instead, should be litigated in Rockland County, New York. Defendants argued relevant factors for consideration favored New York as the proper forum over Illinois, asserting they had no ties to Illinois and were New York residents or entities organized under New York law; plaintiffs lacked a central location in that they were organized

under Delaware law, utilized a California address on both an application related to the Stony Point project and their website, and had individual members that were "scattered across the United States, including within New York"; plaintiffs' representatives made numerous trips to New York in connection with the Stony Point project and regularly and consistently conducted business out of an office located on one of defendants' New York properties; plaintiffs instituted actions in New York "by placing Notices of Pendency against" the properties at issue; the subject matter of the case concerned the purchase and development of New York property; and relevant evidence and all nonparty witnesses were located in New York.

¶ 10        Defendants also anticipated that plaintiffs would challenge their *forum non conveniens* motion as untimely under Illinois Supreme Court Rule 187(a) (eff. Jan. 1, 2018). They argued, however, that their motion should be "considered as timely" because their "responsive pleading" to plaintiffs' complaint remained unsettled due to the "cycle" of motions to dismiss and amendments that had occurred in connection with their affirmative defenses and counterclaims. They asserted the 90-day time limit for filing a *forum non conveniens* motion set forth in Rule 187(a) should not begin to run until the circuit court denied plaintiffs' motion to dismiss their second amended counterclaims. Alternatively, defendants argued that the circuit court could relax Rule 187(a)'s time requirements under Rule 183 for "good cause" shown. They maintained they met that standard because the case was "still in the pleading stage and had not progressed beyond [their] [a]nswer."

¶ 11        Defendants attached various documents to their *forum non conveniens* filing, including answers to interrogatories they received from plaintiffs that contained information regarding the location of plaintiffs' members. Plaintiffs' interrogatory answers were sent

electronically to defendants' counsel on February 28, 2019.

¶ 12          As defendants anticipated, plaintiffs responded to defendants' motion to dismiss on *forum non conveniens* grounds by arguing it was untimely under Rule 187(a). They asserted defendants presented no case authority to support the claim that "amending over counterclaims when the complaint ha[d] not changed can perpetually restart [d]efendants' deadline to file a motion based on the doctrine of *forum non conveniens*." Plaintiffs also maintained that any lack of progress in the case (1) was occasioned by defendants through discovery disputes and the repeated amendments of their counterclaims and (2) could not serve as a basis for "relax[ing]" the 90-day time limit set forth in Rule 187(a). Alternatively, plaintiffs argued that the factors relevant to a determination of a *forum non conveniens* motion did not weigh in favor of dismissing their complaint.

¶ 13          On September 17, 2019, the circuit court conducted a hearing in the matter, and the parties presented argument regarding the timeliness of defendants' *forum non conveniens* motion. At the hearing, defendants acknowledged that the 90-day time period set forth in Rule 187(a) for the filing of such motions had expired but asserted that the pleadings in the case had not been "finalized" and, pursuant to Rule 183, the court had discretion to extend the filing deadline. As a basis for their delay in filing, defendants maintained they had been unaware of plaintiffs' Illinois contacts and "asked for limited discovery" regarding plaintiffs' members and their connection with Illinois. They asserted that after finding such contacts "d[id]n't exist," they filed their *forum non conveniens* motion.

¶ 14          Plaintiffs argued that defendants' motion was clearly untimely, noting that, not only was it not filed within 90 days of defendants' original answer, but it was also not filed within 90

days of either of defendants' amended filings. They also asserted that relevant case authority did not support defendants' assertion that "new discovery" extends the filing deadline under Rule 187. Further, plaintiffs pointed out that they responded to defendants' "limited discovery" requests in February 2019, more than six months before defendants ultimately filed their *forum non conveniens* motion.

¶ 15 The circuit court took the matter under advisement and allowed the parties time to submit additional case authority on the timeliness issue. On October 15, 2019, the court made a docket entry, setting forth its determination that defendants had not "waived" their right to proceed on their *forum non conveniens* motion. It stated as follows:

"The Case has not progressed beyond the pleading stage and the Limited Discovery appears to have focused on the Plaintiff's [*sic*] ties to Illinois. The Court finds under the special facts of this Case it is appropriate to exercise its equitable powers to extend the Deadline to allow the Defendants to file their Motion and conduct a hearing as to whether Sangamon County is the proper forum."

¶ 16 On December 3, 2019, the circuit court conducted a hearing to address the merits of defendants' *forum non conveniens* motion. Following argument by the parties, the court granted the motion. On January 6, 2020, the court entered a written order granting defendants' motion to dismiss without prejudice and "subject to [plaintiffs' complaint] being refiled in the Supreme Court of the State of New York, Rockland County within six months."

¶ 17 This appeal followed.

¶ 18                                    II. ANALYSIS

¶ 19 On appeal, plaintiffs argue the circuit court erred by granting defendants'

*forum non conveniens* motion. They contend the court should not have addressed the merits of the motion because it was untimely under the 90-day limitation set forth in Rule 187 and defendants failed to show "good cause" for extending the filing deadline under Rule 183. As stated, plaintiffs alternatively argue the court abused its discretion in granting the motion because the relevant *forum non conveniens* factors did not favor the dismissal of their complaint.

¶ 20    Before addressing the issues raised on appeal relative to defendants' *forum non conveniens* motion, we are compelled to comment on the procedure undertaken by defendants below when seeking an extension of the filing deadline for their initial answer and leave to file their amended answer. In both instances, defendants filed what they titled a "Consent Motion," which ostensibly sought leave of the circuit court for their desired action and contained an allegation that plaintiffs had no objection. However, the record fails to reflect defendants ever obtained a ruling on either motion. Further, we note defendants' amended answer appears only as an exhibit to their second "Consent Motion" rather than as an independently filed document. We caution that this is a dubious practice and one that casts doubt on the proper filing of their pleadings. Nevertheless, because the court and the parties proceeded as if defendants' motions were allowed and because the matter is not at issue on appeal, we will decide the issues presented assuming both defendants' answer and amended answer were properly filed.

¶ 21    Turning to the merits of plaintiffs' appeal, we note "[*f*]*orum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441, 848 N.E.2d 927, 934 (2006). The doctrine assumes that more than one forum has the authority to hear a case and allows a court to decline jurisdiction "if it appears that another forum can better serve

the convenience of the parties and the ends of justice." *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 12, 987 N.E.2d 355. Under Rule 187(a), "[a] motion to dismiss or transfer the action under the doctrine of *forum non conveniens* must be filed by a party not later than 90 days after the last day allowed for the filing of that party's answer." Ill. S. Ct. R. 187(a) (eff. Jan.1, 2018).

¶ 22　　　　"When construing a rule of the supreme court, a court's primary goal is to ascertain and give effect to the intent of the drafters." *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 22, 90 N.E.3d 400. "The most reliable indicator of that intent is the language used, given its plain and ordinary meaning." *Id.* Here, the plain language of Rule 187(a) is clear and unambiguous, providing that "the 90-day time limit is triggered by the deadline set for 'the last day allowed for the filing of' " the moving party's answer. *Miller v. Consolidated Rail Corp.*, 173 Ill. 2d 252, 259-60, 671 N.E.2d 39, 43-44 (1996) (finding Rule 187(a) did not proscribe consideration of the defendants' *forum non conveniens* motion where "the circuit court did not set a deadline for the filing of [the] defendant's answer, and *** [the] defendant did not file an answer") (quoting Ill. S. Ct. R. 187(a) (eff. Aug. 1, 1986)).

¶ 23　　　　The record in this case indicates July 30, 2018, was "the last day allowed for the filing" of defendants' answer to plaintiffs' complaint. Further, defendants, in fact, filed their answer on that date. Their motion to dismiss on *forum non conveniens* grounds was not filed until more than a year later, on September 3, 2019.

¶ 24　　　　On appeal, defendants argue that Rule 187(a)'s "90-day clock" never started because their "responsive pleading was still unsettled." They note plaintiffs objected to affirmative defenses and counterclaims contained within their original answer, amended counterclaims contained within their amended answer, and their second amended counterclaims. Also, they

argue, plaintiffs' motion to dismiss their second amended counterclaims remained pending at the time they filed their *forum non conveniens* motion.

¶ 25 We note, however, that defendants ultimately fail to cite any legal authority to support their contention that the relevant 90-day period is paused until the resolution of a pending challenge to a defendant's answer or, as in this case, a defendant's second amended counterclaims. The rule clearly does not provide for such a tolling period. Instead, as stated, "the 90-day time limit is *triggered* by the deadline set for 'the last day allowed for the filing of' " the moving party's answer. (Emphasis added.) *Id.* at 259 (quoting Ill. S. Ct. R. 187(a) (eff. Aug. 1, 1986)).

¶ 26 Additionally, the plain and explicit language of Rule 187(a) refers only to the last day allowed for the filing of a moving "party's answer," not an amended answer or other filing. Ill. S. Ct. R. 187(a) (eff. Jan. 1, 2018). Certainly, where the circuit court grants a defendant an extension of time for the filing of his or her answer, Rule 187(a)'s 90-day time limit would not begin to run until the last day of that extended deadline. Also, Rule 187(a) has been held to refer to a defendant's "answer" to a plaintiff's "amended complaint" that raises new matter in a case. See *Ellis v. AAR Parts Trading, Inc.*, 357 Ill. App. 3d 723, 738, 828 N.E.2d 726, 739 (2005) ("[A] new challenge to forum is appropriate when new matter, new parties, or new causes of action or theories are brought forth in an amended complaint."). However, to permit a restarting of the 90-day period in Rule 187(a) any time a defendant files an amended pleading could easily result in the filing of a *forum non conveniens* motion long after the parties have otherwise engaged in substantial litigation in a case. See 735 ILCS 5/2-616(a) (West 2016) (permitting amendments by parties "[a]t any time before final judgment *** on just and reasonable terms"). Such an interpretation would thwart the purpose of Rule 187(a), which is "to provide for the timely filing

- 10 -

of motions on *forum non conveniens* grounds." Ill. S. Ct. R. 187, Committee Comments (rev. Feb. 21, 1986).

¶ 27 Moreover, even if we were to find that a defendant's amended pleadings are contemplated by Rule 187(a), defendant's *forum non conveniens* motion in the instant case would still be untimely under the rule. Specifically, defendants' September 3, 2019, *forum non conveniens* motion was filed in excess of 90 days after both their December 7, 2018, amended answer and the May 15, 2019, filing deadline for their second amended counterclaims. Accordingly, we agree with plaintiffs and find defendants' motion to dismiss based on the doctrine of *forum non conveniens* was untimely filed under Rule 187(a).

¶ 28 On appeal, defendants alternatively concede that the 90-day period for filing their *forum non conveniens* motion had "technically expired" but argue that the circuit court had authority under Rule 183 to extend that 90-day deadline. They maintain the court appropriately exercised that authority in this case. Plaintiffs respond that the court abused its discretion by granting defendants an extension of time under Rule 183 because defendants failed to meet the requirements of that rule. We agree with plaintiffs.

¶ 29 Rule 183 provides:

"The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." Ill. S. Ct. R. 183 (eff. Feb. 16, 2011).

"[T]he plain language of Rule 183 specifically makes good cause a prerequisite to relief, and that the burden of establishing good cause rests on the party seeking relief under Rule 183." *Vision*

- 11 -

*Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 353, 875 N.E.2d 1065, 1078 (2007).

¶ 30    To be entitled to a deadline extension under Rule 183, the moving party "must submit to the court clear, objective reasons why it was unable to meet the original deadline and why an extension of time should be granted." *Id.* at 347-48. "The circuit court may receive evidence with respect to whether the party's original delinquency was caused by mistake, inadvertence, or attorney neglect, but may not engage in an open-ended inquiry which considers conduct that is unrelated to the causes of the party's original noncompliance." *Id.* at 353. Consequently, "issues dealing with the nonmoving party—such as whether the nonmovant was inconvenienced or suffered prejudice—[are] not the proper inquiry in ruling on a Rule 183 motion." *Id.* at 350. In other words, "good cause is not synonymous with the nonmovant's lack of harm." *Id.*

¶ 31    Ultimately, what constitutes good cause under Rule 183 "is fact-dependent and rests within the sound discretion of the circuit court." *Id.* at 353. "Absent an abuse of discretion, the decision of the circuit court on this issue will not be disturbed." *Id.* at 354.

¶ 32    Here, both before the circuit court and on appeal, defendants have suggested that good cause existed for an extension of time to file their *forum non conveniens* motion under Rule 183 because (1) factors relevant to a determination of the most appropriate forum overwhelmingly favored their choice of forum, New York, (2) the underlying litigation had not progressed beyond the pleading stage, and (3) they delayed in filing their motion due to the need to conduct discovery to determine plaintiffs' Illinois contacts. Further, the circuit court appears to have relied on at least the last two bases in allowing the late filing of defendants' motion, noting in its ruling that "[t]he Case ha[d] not progressed beyond the pleading stage" and defendants conducted "Limited

Discovery" that appeared "to have focused on the Plaintiff's [*sic*] ties to Illinois." Ultimately, although there is no doubt that Rule 183 may be applied to extend the 90-day filing deadline set forth by Rule 187(a), we find none of defendants' asserted bases was sufficient to establish good cause for such an extension in this case.

¶ 33        As stated, the party seeking to extend a filing deadline under Rule 183 "must submit to the court clear, objective reasons why it was unable to meet the original deadline and why an extension of time should be granted." *Id.* at 347-48. Defendants do not claim that either the ultimate alleged merit of their *forum non conveniens* motion or the unresolved challenge to their counterclaims resulted in their inability to comply with the 90-day time limit set forth in Rule 187(a). We can find no logical nexus between those asserted bases and defendants' noncompliance with the rule. Further, defendants' repeated assertions that the litigation between the parties remained in the "pleading stage" essentially amounts to an assertion that plaintiffs would not be harmed or prejudiced by a deadline extension. However, as discussed, whether plaintiffs would be inconvenienced, harmed, or suffer prejudice from an extension of time is "not the proper inquiry in ruling on a Rule 183 motion." *Id.* at 350.

¶ 34        Additionally, although defendants suggest they delayed in filing their *forum non conveniens* motion due to the need to conduct discovery and obtain information related to plaintiffs' members, as plaintiffs point out, Rule 187(b) specifically provides that "[h]earings on motions to dismiss or transfer the action under the doctrine of *forum non conveniens* shall be scheduled so as to allow the parties sufficient time to conduct discovery on issues of fact raised by such motions." Ill. S. Ct. R. 187(b) (eff. Jan. 1, 2018). In this instance, the record reflects defendants had knowledge of most of the facts relevant to, and ultimately alleged in, their

- 13 -

*forum non conveniens* motion from the outset of the case. For example, prior to conducting any discovery, defendants knew of their own lack of Illinois contacts, plaintiffs' claims regarding their Illinois contacts as alleged in their complaint, plaintiffs' prior utilization of a California address, and the underlying circumstances of the Stony Point project in New York. They provide no reason why they could not have timely filed their *forum non conveniens* motion based on the information they already possessed and, thereafter, conduct "limited discovery" on specific factual issues related to their motion.

¶ 35    Moreover, the record shows that the discovery request that defendants argue occasioned their delay was responded to by plaintiffs in February 2019, over six months before defendants' *forum non conveniens* motion was filed. Defendants provide no excuse for that six-month delay in filing. Given these circumstances, defendants have failed to meet their burden of establishing good cause under Rule 183.

¶ 36    Finally, the case authority cited by defendants on appeal is inapposite. Defendants rely most heavily on *In re Marriage of Clark*, 232 Ill. App. 3d 342, 597 N.E.2d 240 (1992). There, the parties' dissolution case was commenced in Illinois, where both resided. *Id.* at 344. Prior to trial in October 1989, the husband moved to Massachusetts. *Id.* In November 1989, a judgment of dissolution was entered. *Id.* In December 1989, the wife, who largely refused to participate in the proceedings, also moved to Massachusetts. *Id.* at 345. The same month, she moved to vacate the trial court's judgment, alleging she was mentally ill and failed to comprehend the meaning of the dissolution proceedings. *Id.* In November 1990, the court granted the wife's motion, vacated the dissolution judgment, ordered a new trial, and allowed the wife 14 days to file an amended answer to the husband's dissolution petition. *Id.* Within the time allotted for filing her amended answer,

the wife moved for a dismissal on *forum non conveniens* grounds, alleging Massachusetts was the more appropriate forum. *Id.* The court granted the wife's motion, and the husband appealed. *Id.* at 346.

¶ 37    On review, the Second District affirmed the trial court's judgment and rejected the husband's argument that the wife's *forum non conveniens* motion was untimely under Rule 187. *Id.* at 350. In so holding, it declined "to read Rule 187 as an absolute prohibition against filing such a motion beyond the limit prescribed, particularly in light of Supreme Court Rule 183." *Id.* Regarding the specific facts of the case before it, the court noted the following:

> "It is true that, when the instant cause commenced, there were not yet two appropriate forums and so there would have been no basis for a *forum non conveniens* motion. It was only when the parties all subsequently moved to Massachusetts and the court ordered a new trial that the convenience of Massachusetts as the second forum became evident. [The wife's] motion for dismissal was made very shortly after the court granted the new trial." *Id.*

It concluded that "[t]he court's act in allowing [the wife] to file her *forum non conveniens* motion was within the discretion afforded it under Rule 183, and, therefore, *** it was timely filed." *Id.*

¶ 38    The circumstances of the present case are obviously distinguishable from *Clark*. Although in *Clark* the wife's *forum non conveniens* motion was not filed within the time limits of Rule 187, relief was appropriate under Rule 183 due to changed circumstances in the case that raised, for the first time, the issue of a second appropriate forum. Significantly, the wife also filed her *forum non conveniens* motion "very shortly" after those changed circumstances became "evident." Here, the question of more than one appropriate forum—Illinois or New York—was

- 15 -

present at the outset of the case, and thus, a basis for the filing of a *forum non conveniens* motion existed at all times during the underlying proceedings. There simply was no change in circumstances relative to the *forum non conveniens* issue. Accordingly, *Clark* does not support the timeliness of defendants' motion in this case. Other cases defendants rely upon are similarly distinguishable. See *Eads v. Consolidated Rail Corp.*, 365 Ill. App. 3d 19, 29, 847 N.E.2d 601, 611 (2006) (finding that a "new set of circumstances," including the grant of a new trial without Illinois parties who were previously involved in the case, warranted "renewed consideration of whether Illinois was" the most appropriate forum); *Chochorowski v. Home Depot U.S.A., Inc.*, 376 Ill. App. 3d 167, 171-72, 875 N.E.2d 682, 687 (2007) (holding a *forum non conveniens* motion was timely based on an amendment to the complaint that "changed the cause of action under which the plaintiff was proceeding to a cause of action under the Missouri statute," a matter of "major relevance to the issue of *forum non conveniens*," and where the court's order granting the motion to amend the complaint did not set a deadline for the defendants' answer or responsive pleading).

¶ 39 Here, we do not dispute that the doctrine of *forum non conveniens* is an equitable one or that, in the circuit court's discretion and under appropriate circumstances, *e.g.*, where good cause is established, Rule 183 may be applied to extend the 90-day filing deadline set forth in Rule 187(a). However, "equity aids the vigilant and not those who sleep on their rights." *Bell v. Louisville & Nashville R.R. Co.*, 106 Ill. 2d 135, 146, 478 N.E.2d 384, 389 (1985). In this case, defendants failed to comply with Rule 187(a)'s filing deadline and otherwise failed to establish "good cause" under Rule 183 for their noncompliance. As a result, we find defendants' motion to dismiss plaintiffs' complaint based on *forum non conveniens* was untimely and the circuit court abused its discretion in considering and granting the motion.

¶ 40                          III. CONCLUSION

¶ 41          For the reasons stated, we reverse the circuit court's judgment and remand for

further proceedings.

¶ 42          Reversed and remanded.

| | |
|---|---|
| | **No. 4-20-0043** |

| | |
|---|---|
| **Cite as:** | *New Planet Energy Development LLC v. Magee*, 2020 IL App (4th) 200043 |
| **Decision Under Review:** | Appeal from the Circuit Court of Sangamon County, No. 18-L-80; the Hon. John W. Belz, Judge, presiding. |
| **Attorneys for Appellant:** | William P. Hardy and Russell Reed, of Hinshaw & Culbertson LLP, of Springfield, and Donald Flack and Laura A. Bentele, of Armstrong Teasdale LLP, of St. Louis, Missouri, for appellants. |
| **Attorneys for Appellee:** | Robert L. Duckels and David P. Niemeier, of Greensfelder, Hemker & Gale, P.C., of St. Louis, Missouri, and Brian L. Gardner (*pro hac vice*), of Cole Schotz, P.C., of New York, New York, for appellees. |

- 18 -