IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

**FILED**

**November 14, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 16-0607

STATE EX REL. BETTY J. ALMOND, et al.,
Plaintiffs Below, Petitioners

v.

THE HONORABLE RUDOLPH MURENSKY, McDowell County Circuit Court Judge,
and PFIZER, INC.,
Defendant Below, Respondent

Appeal from the Circuit Court of McDowell County
Honorable Rudolph Murensky, Judge
Civil Action No. 13-C-159

Writ Denied

Submitted: October 4, 2016
Filed: November 14, 2016

J. Jeaneen Legato, Esq.
Legato Law, PLLC
Charleston, West Virginia

H. Blair Hahn, Esq. (Pro Hac Vice),
Christiaan A. Marcum, Esq. (Pro Hac Vice),
Aaron R. Dias, Esq. (Pro Hac Vice),
Richardson, Patrick,

Michael J. Farrell, Esq.
Erik W. Legg, Esq.
Megan Farrell Woodyard, Esq.
Farrell, White & Legg, PLLC
Huntington, West Virginia

Mark S. Cheffo, Esq. (Pro Hac Vice)
Quinn, Emanuel, Urquhart, &

Westbrook & Brickman, LLC          Sullivan, LLP
Mount Pleasant, South Carolina     New York, New York
Counsel for Petitioners            Counsel for Respondents

JUSTICE WORKMAN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "Rule 16(b) of the West Virginia Rules of Civil Procedure [1998] requires active judicial management of a case, and mandates that a trial court 'shall . . . enter a scheduling order' establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost-effective resolution of the case." Syl. Pt. 2, *Caruso v. Pearce*, 223 W.Va. 544, 678 S.E.2d 50 (2009).

2. "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W.Va. Code, 53-1-1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977).

3. "[T]his Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance." Syl. Pt. 1, in part, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d

744 (1979), *superseded by statute on other grounds as stated in State ex rel. Thornhill Group, Inc. v. King*, 233 W.Va. 564, 759 S.E.2d 795 (2014).

4. "In determining whether to entertain and issue the writ of prohibition . . . this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

5. "A circuit court's decision to invoke the doctrine of forum non conveniens will not be reversed unless it is found that the circuit court abused its discretion." Syl. Pt. 3, *Cannelton Indus. v. Aetna Cas. & Sur. Co. of America,* 194 W.Va. 186, 460 S.E.2d 1 (1994).

ii

6. "By using the term 'shall,' the Legislature has mandated that courts must consider the eight factors enumerated in West Virginia Code § 56-1-1a (Supp. 2010), as a means of determining whether, in the interest of justice and for the convenience of the parties, a claim or action should be stayed or dismissed on the basis of forum non conveniens." Syl. Pt. 5, *State ex rel. Mylan, Inc. v. Zakaib*, 227 W.Va. 641, 713 S.E.2d 356 (2011).

7. "In considering 'whether an alternate forum exists in which the claim or action may be tried' pursuant to West Virginia Code § 56-1-1a(a)(1) (Supp. 2010), an alternate forum is presumed to 'exist' where the defendant is amenable to process. Such presumption may be defeated, however, if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all. In such cases, the alternate forum ceases to 'exist' for purposes of forum non conveniens, and dismissal in favor of that forum would constitute error." Syl. Pt. 9, *Mace v. Mylan Pharmaceuticals., Inc.*, 227 W.Va. 666, 714 S.E.2d 223 (2011).

Workman, Justice:

The Petitioners[1] in this matter seek a writ of prohibition to prevent the Circuit Court of McDowell County, West Virginia, from enforcing its order granting the Respondent Pfizer, Inc.'s motion to dismiss the non-West Virginia plaintiffs from the underlying personal injury litigation on the ground of forum non conveniens. Subsequent to this Court's thorough review of the briefs, the arguments of counsel, the record submitted, and applicable precedent, we deny the requested writ.

## I. Factual and Procedural History

This civil action, involving products liability and negligence claims regarding plaintiffs' use of the medication, Lipitor, was initiated on September 4, 2013, with the filing of a complaint by fourteen plaintiffs, including ten from West Virginia and four from New York. These plaintiffs alleged they developed diabetes after taking Lipitor, a drug manufactured by Pfizer. An amended complaint was filed on October 3, 2013, adding twenty-six plaintiffs from Texas. The non-West Virginia plaintiffs do not allege they were prescribed Pfizer's medication, Lipitor, in West Virginia, developed diabetes in West Virginia, or have any other connection to West Virginia. Pfizer is a Delaware corporation based in New York.

---

[1]There are a total of forty plaintiffs in this litigation, all of whom are Petitioners in this matter. Twenty-six are from Texas, ten are from West Virginia, and four are from New York. This Court finds no need to name the individual plaintiffs herein.

On October 11, 2013, Pfizer removed this action to the United States District Court for the Southern District of West Virginia, based on a diversity argument. In December 2013, the federal court remanded the matter back to state court.[2] Pfizer filed answers in both federal and state courts, including inconvenient forum as an affirmative defense.

In March 2014, Pfizer requested that this case be referred to the West Virginia Mass Litigation Panel. Pfizer withdrew that request in June 2014, based upon the request by then-Chief Justice Davis of this Court for supplemental briefing in light of the May 27, 2014, decision in *State ex rel. J.C. v. Mazzone*, 233 W.Va. 457, 759 S.E.2d 200 (2014) (*Mazzone I*). *In Mazzone I*, this Court granted a writ of prohibition and found that a single complaint with multiple plaintiffs does not satisfy the definition of "mass litigation" and therefore does not qualify for referral to the Mass Litigation Panel.

Subsequent to Pfizer's unsuccessful attempts to transfer the litigation to federal court or the Mass Litigation Panel, a telephonic status conference between the parties was conducted on November 21, 2014. During the conference, the parties engaged in discussions regarding scheduling of the case in the Circuit Court of McDowell County, and the circuit

---

[2]In February 2014, a federal multi-district litigation panel (hereinafter "MDL") was established in South Carolina to manage Lipitor litigation. In April 2014, the South Carolina MDL appointed plaintiffs' counsel as lead plaintiffs' counsel for that MDL. The parties thereafter agreed that general discovery in the South Carolina MDL litigation would also apply to the West Virginia circuit court litigation at issue herein.

2

court ultimately ordered the parties to negotiate a proposed scheduling order, detailing discovery matters preceding a May 2016 trial date. By August 2015, the parties had not yet agreed to a scheduling order; they eventually submitted opposing proposed scheduling orders.[3]

Consequently, the circuit court held a status conference on August 11, 2015. During that conference, counsel for Pfizer discussed Pfizer's intention to file a motion to dismiss on grounds of forum non conveniens and specifically asked the circuit court to include a deadline for such a motion in its scheduling order. By order dated August 14, 2015, the circuit court entered a scheduling order establishing a September 1, 2015, deadline for dispositive motions. Paragraph five of the circuit court's scheduling order provided as follows: "Defendant [Pfizer] may file dispositive motions by September 1, 2015. Plaintiffs are not precluded from asserting the untimeliness of any such motion."[4]

---

[3]Pfizer's proposed scheduling order provided for the filing of motions, pursuant to Rule 12 of the West Virginia Rules of Civil Procedure, including motions to dismiss for forum non conveniens. The plaintiffs' proposal did not include such an allowance.

[4]On August 17, 2015, plaintiffs filed a motion for clarification regarding whether the circuit court was extending statutory and rule deadlines. On August 21, 2015, the circuit court denied the plaintiffs' motion for clarification.

In compliance with the deadline enumerated in the scheduling order,[5] Pfizer filed a motion to dismiss, on the grounds of forum non conveniens, on September 1, 2015. The plaintiffs asserted the motion was untimely filed, and the circuit court heard arguments on October 29, 2015.[6]

By order dated June 16, 2016, the circuit court granted Pfizer's forum non conveniens motion, dismissing the non-West Virginia plaintiffs. In the dismissal order, the circuit court found that the motion was timely because it was filed within the timeframe for such dispositive motions, as delineated in the circuit court's scheduling order. Specifically, the circuit court held:

> When this Court entered its Scheduling Order dated August 14, 2015, with dates for case management, this Court in effect, extended the time period for filing a motion to dismiss for forum non conveniens. Pfizer's Motion to Dismiss for Forum Non Conveniens was filed within the time frame set forth in the August 14, 2015, Scheduling Order.

---

[5]The scheduling order also directed the parties to conduct discovery regarding four of the ten West Virginia plaintiffs, but it did not provide for discovery or trial preparation in any non-West Virginia plaintiff case.

[6]Notably, the plaintiffs did not argue the motion should be denied based upon an evaluation of the forum non conveniens factors identified in West Virginia Code § 56-1-1a (2012), and they did not contend that any plaintiff lacked an adequate remedy in his or her home state.

4

Furthermore, the circuit court found good cause to extend the statutory filing deadline for such motion, as authorized by West Virginia Code § 56-1-1a(b). Pursuant to that statute, a motion to dismiss is timely

> if it is filed either concurrently or prior to the filing of either a motion pursuant to Rule twelve of the West Virginia Rules of Civil Procedure or a responsive pleading to the first complaint that gives rise to the grounds for such a motion: Provided, That a court may, *for good cause shown*, extend the period for the filing of such a motion."

W.Va. Code § 56-1-1a(b) (emphasis supplied).

The circuit court further explained that "[e]ven if the motion was not timely filed [pursuant to the scheduling order], this Court would still find that Pfizer's motion is timely because there is 'good cause shown' to 'extend the period for the filing of such a motion.'" The circuit court held: "To the extent that an extension for good cause shown was necessary, the Court concludes that Pfizer has demonstrated good cause based on the history of this litigation, the record of communications between the parties, and the absence of any prejudice to Plaintiffs."[7] In examining the basis for the extension of time, the circuit court relied upon this Court's holding in syllabus point two of *Caruso v. Pearce*, 223 W.Va. 544, 678 S.E.2d 50 (2009):

---

[7]The circuit court found an absence of prejudice to the plaintiffs because "no case-specific discovery or dispositive rulings have occurred with respect to the non-West Virginia Plaintiffs and common discovery from the MDL will be readily transferrable to these cases upon any refiling."

5

> Rule 16(b) of the *West Virginia Rules of Civil Procedure* [1998] requires active judicial management of a case, and mandates that a trial court "shall . . . enter a scheduling order" establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost-effective resolution of the case.

The circuit court observed that "[a] party may establish good cause for extending a statutory deadline in the interest of justice and based on the procedural history and circumstances in a given case." The circuit court also found that under *Caruso* and Rule 16 of the West Virginia Rules of Civil Procedure, trial courts "can and should design case-specific plans, including with respect to deadlines to file and hear motions."

Having determined that Pfizer's motion to dismiss was timely filed, the circuit court proceeded to address the substantive issue of forum non conveniens and evaluated the eight factors set forth in the forum non conveniens statute, West Virginia Code § 56-1-1a(a)(1-8), as well as the degree of deference to be accorded to the non-resident plaintiffs' choice of forum under the statute. Finding that West Virginia was not the appropriate forum for the non-West Virginia plaintiffs, the circuit court dismissed those plaintiffs from the underlying civil action.[8]

---

[8]The circuit court held:

> The claims of the thirty (30) non-West Virginia Plaintiffs identified above are hereby DISMISSED WITHOUT PREJUDICE, subject to refiling only in each Plaintiff's home

(continued...)

6

On June 27, 2016, the plaintiffs filed a petition for writ of prohibition to prevent the circuit court from enforcing its order granting Pfizer's motion to dismiss. This Court issued a rule to show cause on August 30, 2016, and oral argument was heard on October 4, 2016.

## II. Standard of Review

The extraordinary remedy of a writ of prohibition is to be used sparingly. *State ex rel. Suriano v. Gaughan*, 198 W.Va. 339, 345, 480 S.E.2d 548, 554 (1996). Moreover, a writ of prohibition is not a device designed to correct a simple abuse of a circuit court's discretion. In syllabus point two of *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977), this Court explained: "A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers." In the pertinent part of syllabus point one of *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979), *superseded by statute on other grounds as stated in State ex rel. Thornhill Group, Inc. v. King*, 233 W.Va. 564, 759 S.E.2d 795 (2014), we held:

> [T]his Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law

---

[8](...continued)
state within 150 days and to tolling of the statutes of limitations to the extent they were not already expired at the time Plaintiffs' claims were originally filed.

7

mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

This Court's precise guidance for determining whether a writ of prohibition should issue in a given case was enunciated in syllabus point four of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996):

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

With specific regard to the standard of review for forum non conveniens issues, this Court has observed that a decision on dismissal based upon forum non conveniens is properly within the discretion of the presiding tribunal. In syllabus point three of *Cannelton Industries v. Aetna Casualty & Surety Co. of America,* 194 W.Va. 186, 460 S.E.2d 1 (1994),

8

this Court held: "A circuit court's decision to invoke the doctrine of forum non conveniens will not be reversed unless it is found that the circuit court abused its discretion."

Utilizing these standards as guidance, this Court considers the arguments of the parties in this matter.

## III. Discussion

The Petitioners contend that the circuit court should be prohibited from enforcing its order granting Pfizer's motion to dismiss the non-West Virginia plaintiffs on the ground of forum non conveniens. The Petitioners first argue that Pfizer failed to file the motion to dismiss by the statutory deadline, as set forth in West Virginia Code § 56-1-1a. They also contend that Pfizer's motion should have been denied because it did not satisfy the substantive statutory criteria for dismissal on forum non conveniens grounds. This Court addresses those two issues separately below, first discussing the timeliness of the forum non conveniens motion and subsequently discussing its substantive merit.

### A. Timeliness of the Forum Non Conveniens Motion

As mentioned above, West Virginia Code § 56-1-1a(b) provides that a motion to dismiss on forum non conveniens grounds is considered timely if it is filed

> either concurrently or prior to the filing of either a motion
> pursuant to Rule twelve of the West Virginia Rules of Civil

Procedure or a responsive pleading to the first complaint that gives rise to the grounds for such a motion: Provided, That a court may, for good cause shown, extend the period for the filing of such a motion.

The Petitioners contend that the circuit court effectively amended the statute by entering a scheduling order extending the time within which Pfizer could file dispositive motions. Pfizer responds by asserting the circuit court did not technically *amend* that statute, but rather had very specific statutory authority to "extend the period for the filing of such a motion" for "good cause shown." W.Va. Code § 56-1-1a(b). Thus, Pfizer argues that the circuit court properly utilized the flexible standard incorporated into the statute to extend the filing period, and Pfizer thereafter complied with the scheduling order by filing the motion within the time allotted. Further, Pfizer maintains that the circuit court's action was consistent with this Court's pronouncements regarding the discretion of a trial court to control its docket. *See Caruso*, 223 W.Va. at 546, 678 S.E.2d at 52, syl. pt. 2.

The adoption of case-specific case management plans is perfectly within the discretion of a circuit court. This Court has consistently protected the right and authority of a trial court to manage its docket, recognizing that "trial courts have the inherent power to manage their judicial affairs that arise during proceedings in their courts, which includes the right to manage their trial docket." *B.F. Specialty Co. v. Charles M. Sledd Co.*, 197 W. Va. 463, 466, 475 S.E.2d 555, 558 (1996). In *State ex rel J.C. ex rel. Michelle C. v. Mazzone*, 235 W.Va. 151, 772 S.E.2d 336 (2015) (*Mazzone II),* a case involving an arguably similar

10

modification of filing deadlines, this Court recognized the discretion of a court to manage cases before it, including the adoption of case-specific schedules and case management orders. 235 W.Va. at 157, 772 S.E.2d at 342. *Mazzone II* is not directly analogous to the present case, insofar as it was a mass litigation panel case and was therefore subject to specific rules applicable to such litigation. *See* W.Va. Trial Court Rule 26.12 (providing, in part, "[i]f these Rules conflict with other rules of statutes, these rules shall apply."). Notwithstanding this distinguishing factor, the foundational arguments set forth in *Mazzone II* are quite similar to those advanced in the present case. The decision to alter and extend the time frame for the filing of motions in *Mazzone II* was based, in part, upon the court's authority to control its docket, even in the presence of conflicting rules.[9] Similarly, the decision to extend the deadline in this case was based upon the general authority of a court to control its docket, as identified in Rule 16 of the West Virginia Rules of Civil Procedure, *and* the specific guidance of West Virginia Code § 56-1-1a, *permitting a court to extend the deadlines for good cause shown*.

---

[9]Unique to *Mazzone II* was the fact that it was a mass litigation case, in which this Court held that West Virginia Trial Court Rule 26.08(d) authorizes the entry of case management orders extending deadlines. The Court further held that the mass litigation panel has "discretion under our mass litigation rules to implement case management plans and orders even when they may conflict with another rule or statute." 235 W.Va. at 158, 772 S.E.2d at 343. Significantly, in *Mazzone II*, this Court's holding was not based upon any showing of good cause for extension of time frames, as authorized by West Virginia Code § 56-1-1a.

11

The delay in the present case was occasioned by legitimate attempts to remove to federal court, status conferences, and determinations regarding the appropriate forum for litigation of the action.[10] This Court has very methodically outlined the dates of each relevant filing in the procedural history of this case, including Pfizer's removal to federal court and the attempt to transfer to the Mass Litigation Panel. Based on the procedural background of the litigation, including its extensive history of transfers and the period of time allowed by the circuit court for the parties to negotiate a scheduling order, this Court fails to discern any nefarious purpose in the delays.

Moreover, the circuit court recognized the inequity in essentially penalizing a party for utilizing legitimate methods of litigating its case, holding:

> Pfizer included the defense of inconvenient forum in its answers filed in both state and federal court. Following remand of this litigation to state court, Pfizer sought transfer to the MLP, and

_____

[10]In *Tennessee Medical Association v. BlueCross BlueShield of Tennessee, Inc.*, 229 S.W.3d 304 (Tenn. Ct. App. 2007), the court explained:

> It has long been held, however that a plaintiff is "master of the claim" when it comes to choosing his forum. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 387, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Just as clearly, a defendant is "master of removal" in determining whether or not to litigate the case in a state forum or attempt to remove it federal court. *Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co.,* 843 F.2d 1253, 1260-61 (9th Cir. 1988).

*Tenn. Med. Ass'n*, 229 S.W.3d at 305. There is no valid basis for this Court to question the legitimacy of Pfizer's attempts to remove this case to federal court or the mass litigation panel.

12

there was a period of several months during which that issue was being addressed by the parties and the Supreme Court of Appeals. Although Pfizer ultimately withdrew that motion [for transfer to the mass litigation panel] following the decision in *Mazzone I*, the Court finds that it would be unfair to penalize Pfizer for advancing a good faith jurisdictional motion and then engaging in good faith scheduling negotiations that included a schedule for filing [a forum non conveniens] motion. This Motion to Dismiss for Forum Non Conveniens is not a surprise to anyone.

Based upon this Court's evaluation of the issue of timeliness of filing the motion, we find no substantial legal error in contravention of clear statutory, constitutional, or common law mandate, and thus no basis for issuance of an extraordinary writ. The circuit court had statutory authority to extend the time frame for this dismissal motion for good cause shown. It identified three elements of "good cause" necessary for extension of time frames under West Virginia Code § 56-1-1a, as demonstrated by the history of the litigation, the record of the communications between the parties, and the absence of any prejudice to the plaintiffs.[11] We find no abuse of discretion by the trial court in so holding.

---

[11]*See also Ellis v. AAR Parts Trading, Inc.*, 828 N.E.2d 726, 739-40 (Ill. App. 2005) (evaluating Illinois rule limiting filing of motion to dismiss based on doctrine of forum non conveniens to within 90 days of answering original complaint and acknowledging "equity and fundamental fairness considerations involved in the doctrine."); *In re Marriage of Clark*, 597 N.E.2d 240 (Ill. App. 1992) (declining to read rules as absolute prohibition against filing forum non conveniens motion beyond limit prescribed, relying on rule allowing trial court, for good cause, to extend time for filing any pleading or performing any act required to be accomplished within limited period).

As recognized in *State ex rel. Weirton Medical Center v. Mazzone*, 214 W.Va. 146, 587 S.E.2d 122 (2002), a circuit court acts within the bounds of its discretionary and statutory authority by entering a "scheduling order in any action, limiting the time that parties have, inter alia, to amend the pleadings, file motions, and complete discovery." *Id.* at 150-51, 587 S.E.2d at 126-27. "[J]udges are encouraged to actively participate in designing case-specific plans for positioning litigation as efficiently as possible for disposition . . . ." *Caruso*, 223 W. Va. at 549, 678 S.E.2d at 55 (internal quotation omitted).

### B. Substance and Merit of the Forum Non Conveniens Motion

The Petitioners also argue that the circuit court failed to properly apply the forum non conveniens statute to the merits of this case. West Virginia Code § 56-1-1a(a) provides, in relevant part, as follows:

> In any civil action if a court of this state, upon a timely written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action would be more properly heard in a forum outside this State, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action, or dismiss any plaintiff: Provided, That the plaintiff's choice of a forum is entitled to great deference, but this preference may be diminished when the plaintiff is a nonresident and the cause of action did not arise in this State. In determining whether to grant a motion to stay or dismiss an action, or dismiss any plaintiff under the doctrine of forum non conveniens, the court shall consider:
>
> > (1) Whether an alternate forum exists in which the claim or action may be tried;

14

(2) Whether maintenance of the claim or action in the courts of this State would work a substantial injustice to the moving party;

(3) Whether the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

(4) The state in which the plaintiff(s) reside;

(5) The state in which the cause of action accrued;

(6) Whether the balance of the private interests of the parties and the public interest of the State predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this State. Factors relevant to the private interests of the parties include, but are not limited to, the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; possibility of a view of the premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Factors relevant to the public interest of the State include, but are not limited to, the administrative difficulties flowing from court congestion; the interest in having localized controversies decided within the State; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty;

> (7) Whether not granting the stay or dismissal would result in unreasonable duplication or proliferation of litigation; and

> (8) Whether the alternate forum provides a remedy.

This Court has held that circuit courts "must consider the eight factors enumerated in West Virginia Code § 56-1-1a . . . as a means of determining whether, in the interest of justice and for the convenience of the parties, a claim or action should be . . . dismissed on the basis of forum non conveniens." Syl. Pt. 5, in part, *State ex rel. Mylan, Inc. v. Zakaib*, 227 W. Va. 641, 713 S.E.2d 356 (2011). "The weight assigned to each factor varies because each case turns on its own unique facts." *State ex rel. North River Ins. Co. v. Chafin*, 233 W.Va. 289, 295, 758 S.E.2d 109, 115 (2014). In the case sub judice, the circuit court thoroughly evaluated each of the eight statutory factors, entered findings of fact and conclusions of law on each of those factors, and ultimately found that West Virginia is not a convenient forum to litigate the claims of the out-of-state plaintiffs.

The only statutory issue challenged by the Petitioners on appeal involves the availability of another adequate forum. The circuit court initiated its extensive evaluation of the statutory factors with the recognition that a plaintiff's preference of forum in which to litigate "may be diminished when the plaintiff is a nonresident and the cause of action did not arise in this State." W.Va. Code § 56-1-1a(a). In examining the first statutory factor,

availability of an alternate forum, the circuit court found that the out-of-state plaintiffs had adequate alternative forums in which to pursue remedies, namely, their home states of New York and Texas. The court further found the plaintiffs' choice of West Virginia as a forum to be entitled to diminished deference. The court noted that both New York and Texas "recognize product liability causes of action" and "provide a remedy."

At the circuit court level, the Petitioners did not contest the finding regarding availability of another adequate forum and raise that issue for the first time in this appeal, asserting that an adequate alternate forum does not exist in Texas to provide a remedy for the Texas plaintiffs. The Petitioners concede that they did not present any argument to the circuit court on this issue; thus, Pfizer contends that such argument is waived. *See generally, Shaffer v. Acme Limestone Co.,* 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999) (recognizing "general rule that nonjurisdictional questions not raised at the circuit court level, but raised for the first time on appeal, will not be considered."). With specific regard to matters raised for the first time in a request for a writ of prohibition, this Court observed in *State ex rel. Tucker County Solid Waste Authority v. West Virginia Division of Labor*, 222 W. Va. 588, 668 S.E.2d 217 (2008), that even where the "matter is an original jurisdiction proceeding before this Court, we nevertheless must have a record upon which to base our decision of issues raised in this case." *Id.* at 602, 668 S.E.2d at 231. Similarly, a request for a writ of prohibition was denied based upon failure to raise an issue in the lower tribunal in

*State ex rel. State Farm Mutual Automobile Insurance Co. v. Bedell*, 228 W. Va. 252, 719 S.E.2d 722 (2011). In *Bedell*, this Court noted the longstanding principle that failure to raise an issue below will prevent consideration of that matter by this Court and found that "[b]ecause the circuit court was not permitted to consider this issue in the course of formulating" its relief, "it would be inappropriate for this Court to inform the circuit court it has acted wrongly when it did not have an opportunity to address the matter in the first instance." *Id*. at 265, 719 S.E.2d at 735. Therefore, in *Bedell*, this Court denied the requested writ of prohibition because the nonjurisdictional issue was not raised below. *Id*.

Although contending the issue of adequate alternate forum should be considered waived, Pfizer also posits that *even if* the argument had been raised below, the circuit court properly found that the Texas plaintiffs' home state offers an adequate remedy and would permit their claims to be decided on their merits. In syllabus point nine of *Mace v. Mylan Pharmaceuticals., Inc*., 227 W. Va. 666, 714 S.E.2d 223 (2011), this Court explained:

> In considering "whether an alternate forum exists in which the claim or action may be tried" pursuant to West Virginia Code § 56-1-1a(a)(1) (Supp. 2010), an alternate forum is presumed to "exist" where the defendant is amenable to process. Such presumption may be defeated, however, if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all. In such cases, the alternate forum ceases to "exist" for purposes of forum non conveniens, and dismissal in favor of that forum would constitute error.

227 W.Va. at 668, 714 S.E.2d at 225.  The case sub judice differs substantially from *Mace*.

In that case, the plaintiff argued that dismissal of his wrongful death case in favor of

proceeding in his home state of North Carolina would result in a complete bar by the North

Carolina statute of limitations.  *Id*. at 677, 714 S.E.2d at 234.  There is no similar bar to

proceeding in Texas in this matter, and the Petitioners herein have not shown that the Texas

forum provides "no remedy at all."  *Id.* at 675, 714 S.E.2d at 232.

According to the briefs of the parties, the Texas statute governing these claims

includes a rebuttable presumption that permits product liability claims to proceed.  *See*

Vernon's Texas Civil Practice & Remedies Code Ann. § 82.007 (West 2003).  Further, Pfizer

indicates that it has consented to personal jurisdiction in each of the plaintiffs' home states, and

statutes of limitations will be tolled to the extent they were not already expired by the time the

plaintiffs' claims were filed.  Although the parties' perspectives undoubtedly differ[12] on the

ultimate recovery available in the various forums, the motion to dismiss examined below is not

a forum for such debate unless the alternative forum is so inadequate that it provides no

_____

[12]In opposition to Pfizer's prior motion to dismiss the Texas plaintiffs' claims on their
merits, an issue not presently before this Court, the plaintiffs acknowledged that the Texas
statute creates a rebuttable presumption that a defendant is not liable for injuries arising from
the use of a pharmaceutical product if labeling accompanying the product was approved by
the federal Food and Drug Administration.  The presumption can be rebutted by showing that
the defendant withheld or misrepresented material and relevant information that was causally
related to the claimant's injury.  Whether the plaintiffs can satisfactorily rebut that
presumption remains to be litigated; that is not an issue to be resolved by this Court.

remedy at all. The Petitioners failed to argue that issue at the circuit court level, and this Court will not address it for the first time in an extraordinary writ.

The Petitioners also contend that the circuit court exceeded its authority by failing to consider the impact upon the West Virginia plaintiffs in this case and arguing that plaintiffs who have been properly joined pursuant to Rule 20(a) of the West Virginia Rules of Civil Procedure may not be severed. We find no merit to this argument. This Court addressed this type of argument in *Mazzone II* and held that requiring a court to conduct a forum non conveniens analysis as applied to all plaintiffs as a unified group "would essentially render West Virginia Code § 56-1-1a a nullity in pharmaceutically-related litigation." 235 W.Va. at 159-60, 772 S.E.2d at 344-45. Pfizer has indicated that it does not intend to remove the West Virginia plaintiffs' cases. Those cases are, in fact, currently proceeding in circuit court pursuant to an amended scheduling order. In *Mazzone II*, this Court also recognized that "the ability to meet the liberal standard for Rule 20(a) [joinder] does not correspondingly guarantee the existence of a convenient forum. . . ." *Id*. at 160, 772 S.E.2d at 345.

IV. Conclusion

Upon this Court's consideration of the Petitioners' request for a writ of prohibition, we find the circuit court acted within its authority in granting the motion to dismiss. As this Court held in *Mazzone II*, "West Virginia has no real interest in trying

20

non-resident plaintiffs' claims against non-resident defendants involving causes of action that accrued in states other than West Virginia." 235 W.Va. at 164, 772 S.E.2d at 349. Further, as explained above, a writ of prohibition is not a proper remedy for alleged abuses of discretion by a circuit court. Such writ should be granted only "where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers." *Sencindiver*, 160 W.Va. at 315, 233 S.E.2d at 426, syl. pt. 2.

Based upon the foregoing, this Court denies the Petitioners' request for a writ prohibiting enforcement of the circuit court's June 16, 2016, order.

Writ denied.